## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WALTER SPRICK, JR., as Personal Representative
of the Estate of Mabel Stueckler, deceased,

        Plaintiff,

v.                                            No. 08-CV-641 MV/LAM

MANORCARE, INC. d/b/a MANORCARE HEALTH
SERVICES-SANDIA  and JOHN DOES NO. 1-5,

        Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Manor Care, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Insufficient Service of Process (Doc. No. 2, filed July 16, 2008).  For the reasons given below, the Court will **GRANT** the Motion **in part**. The Court will dismiss the Complaint against Defendant Manor Care for insufficient service of process.  Plaintiff shall, within 21 days of entry of this Order, show cause why the Complaint should not be dismissed against the remaining unidentified Defendants.

**Background**

        Mabel Stueckler died in a skilled-nursing facility on October 7, 2004.  (Response at 1-2, Doc. No. 9, filed August 5, 2008).  Almost three years later, her son-in-law, Plaintiff, filed this case as personal representative of her estate in state court on October 1, 2007.  (*Id.* at 2, 6).  The state court filed, *sua sponte*, an order dismissing the case for lack of prosecution on April 30, 2008.  (*Id.* at 6). Plaintiff indicates that the lack of prosecution was due to "difficulties in securing personal service upon the Defendant, or in seeking acknowledgment of service from Defendant's counsel."  (*Id.*).

Plaintiff filed a motion for reinstatement which the state court granted on May 29, 2008.  (*Id.*).

Plaintiff then attempted service upon Defendant via an "alias summons served on CT Corporation System who, upon information and belief, was [Defendant's] registered agent in the State of New Mexico." (*Id.*).  On June 12, 2008, CT returned the alias summons stating Defendant "is not listed on our records or on the records of the State of NM." (*Id.* Ex. F).  Plaintiff then "attempted to serve Defendant via alias summons addressed to the New Mexico Secretary of State, but said service was unsuccessful." (*Id.* at 6-7).

On June 25, 2008, the state court granted Plaintiff's motion for leave to serve Defendant by publication.  (*Id.* at 7).  Publication began on July 20, 2008 and ended on August 3, 2008.  (*Id.*).

Defendant appeared specially, removed the case to this Court (Doc. No. 1, filed July 9, 2008), and filed the Motion to Dismiss now before the Court (Doc. No. 2, filed July 16, 2008). Defendant seeks dismissal for lack of personal jurisdiction and for insufficient service of process. Because the Court will grant the motion to dismiss for insufficient service of process, the Court will not address the issue of the lack of personal jurisdiction pursuant to New Mexico's long arm statute.

**Insufficient Service of Process**

Defendant seeks dismissal of the Complaint for insufficient service of process on the ground that Plaintiff did not serve Defendant within 120 days of filing the Complaint.  (Doc. No. 3 at 10-11, filed July 16, 2008).  Plaintiff has the burden of establishing the validity of service of process.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

Under Fed. R. Civ. P. 4(m), when a plaintiff fails to serve a defendant within 120 days after the complaint is filed, the district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good

cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.*

Defendant states, and Plaintiff does not dispute, that Plaintiff did not serve Defendant within 120 days of filing the Complaint. (Response at 6-7). Plaintiff filed the Complaint on October 1, 2007, and thus the 120-day period for serving Defendant expired on or about January 29, 2008. Plaintiff unsuccessfully attempted two times to serve Defendant via alias summons, but not until about June, 2008, approximately four months after the 120-day period expired. (*Id.*). Plaintiff contends service on Defendant by publication was completed on August 3, 2008, which is approximately six months after the expiration of the 120-day period for service. (*See id.*). The Court must now consider "whether the plaintiff has shown good cause for failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The Court concludes that Plaintiff has not shown good cause for failure to timely effect service. *See Hendry v. Schneider*, 116 F.3d 446, 447, 449 (10th Cir. 1997) (good cause shown where defendant was avoiding service and plaintiff's counsel set forth in considerable detail his unsuccessful efforts to serve defendant at an earlier date, and affixed plaintiff's counsel's affidavit to motion). Plaintiff has submitted no evidence to show good cause for failing to effect timely service. All he does is make the conclusory statement that "due to difficulties in securing personal service upon the Defendant, or in seeking acknowledgment of service from Defendant's counsel, [the state court dismissed the case for lack of prosecution]." (Response at 6). Plaintiff does not

3

describe his unsuccessful efforts to serve Defendant, nor does he specify when he made such efforts. The Court, having concluded that Plaintiff failed to show good cause, must still consider whether a permissive extension of time may be warranted.  *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

In determining whether Plaintiff should be granted a permissive extension of time, the Court should consider the limitations period.  *See Espinoza*, 52 F.3d at 842 (Fed. R. Civ. P. 4(m) advisory committee's note states "relief *may* be justified . . . if the applicable statute of limitations would bar the refiled action.") (*emphasis added*).  However, "[t]hat a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time."  *Cloyd v. Andersen & Co.*, 25 F.3d 1056, 1994 WL 242184 (10th Cir.) (unpublished opinion); *see also Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) (the fact that the statute of limitations has run does not make dismissal inappropriate).

Plaintiff did not file his Complaint until six days before the statute of limitations would expire.  Plaintiff did not explain why he could not personally serve Defendant.  Plaintiff did not attempt to serve the two alias summonses or attempt to serve Defendant by publication until after the state court dismissed the case for lack of prosecution approximately three months after the 120-day service period expired.  Plaintiff's dilatory action, without explanation, does not warrant a permissive extension of time.  *See Cloyd v. Andersen & Co.*, 25 F.3d 1056, 1994 WL 242184 *2 (10th Cir.) (no abuse of discretion to dismiss case for failure to effect timely service where statute of limitations had run and plaintiff had waited until the last day of the statute of limitations to file his complaint and then waited until the last day of the service period to serve his complaint) (unpublished opinion).

4

The Court will dismiss the Complaint against Defendant Manor Care for insufficient service of process.

Plaintiff shall, within 21 days of entry of this Order, show cause why the Complaint should not be dismissed against the remaining unidentified Defendants. *See Self v. Fresenius Medical Care*, 84 Fed.Appx. 54, 2003 WL 22976323 (10th Cir. 2003) (before district court may dismiss plaintiff's complaint without prejudice for failure to prosecute under Fed. R. Civ. P. 4(m), it must first afford him an opportunity to show cause why the complaint should not be dismissed).

**IT IS SO ORDERED.**

Dated this 19th day of December, 2008.

**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Gino L. Montoya
Turner W. Branch
2025 Rio Grande Blvd.
Albuquerque, NM 87104

*Attorneys for Defendant:*

Lorena Olmos de Madalena
Rufus Thompson
P.O. Box 2168
Albuquerque, NM 87102

5