# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WALTER SPRICK, JR., as Personal Representative
of the Estate of Mabel Stueckler, deceased,

      Plaintiff,

v.                                                                                                  No. 08-CV-641 MV/LAM

MANORCARE, INC. d/b/a MANORCARE HEALTH
SERVICES-SANDIA  and JOHN DOES NO. 1-5,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of the Court's December 19, 2008 Memorandum [sic] and Order (Doc. No. 13, filed January 5, 2009). For the reasons stated below, the Court will **GRANT** the Motion. The Court will **VACATE** its Memorandum Opinion and Order (Doc. No. 12, filed December 19, 2008) ("Order").

Plaintiff filed his Complaint in state court on October 1, 2007. (*See* Order at 1). Defendant ManorCare removed the case to this Court on July 6, 2008, and filed a motion to dismiss the Complaint for insufficient service of process on the ground that Plaintiff did not serve ManorCare within 120 days of filing the Complaint. (*See id.* at 2). Under Fed. R. Civ. P. 4(m), when a plaintiff fails to serve a defendant within 120 days after the complaint is filed, the district court must dismiss the action without prejudice against the defendant or order that service be made within a specified time. Because Plaintiff had not completed service on ManorCare within 120 days of filing the Complaint in state court, the Court granted ManorCare's motion and dismissed the Complaint against ManorCare. (*See id.* at 3).

Plaintiff filed his Motion for Reconsideration, now before the Court, arguing that the 120-day period had not yet run when ManorCare filed its motion to dismiss. In support of his argument, Plaintiff cited several federal district court opinions for the proposition that Fed. R. Civ. P. 4(m) gives Plaintiff 120 days from the date of removal to complete service. *See Baumeister v. New Mexico Comm'n for the Blind*, 409 F.Supp.2d 1351, 1352 (D.N.M. 2006) ("Where service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give the plaintiff 120 days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured.").

ManorCare opposes Motion for Reconsideration on the ground that Plaintiff did not cite *Baumeister* and the other district court opinions in his response in opposition to ManorCare's motion to dismiss for insufficient process. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1992) (It is not the purpose of a motion to reconsider to revisit issues already addressed or to advance new arguments that were otherwise available for presentation when the original motion was briefed.).

The Court agrees that Plaintiff could have, and should have, raised his argument in response to ManorCare's motion to dismiss. However, while "practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects." *Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997) (*citing Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome ....")). The Court will vacate its Order dismissing the Complaint against ManorCare. *See Christianson v.*

*Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'").

**IT IS SO ORDERED.**

Dated this 31st day of March, 2009.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Gino L. Montoya
Turner W. Branch
2025 Rio Grande Blvd.
Albuquerque, NM 87104

*Attorneys for Defendant:*

Lorena Olmos de Madalena
Rufus Thompson
P.O. Box 2168
Albuquerque, NM 87102